**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| WILD EQUITY INSTITUTE, et al., | No. C 11-00958 SI |
| Plaintiffs, | **ORDER GRANTING SAN FRANCISCO PUBLIC GOLF ALLIANCE'S MOTION TO INTERVENE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. / | |

15      The motion to intervene as a defendant filed by the San Francisco Public Golf Alliance (SFPGA)

16   came on regularly for hearing on June 24, 2011.   Having considered the papers submitted and the

17   arguments of counsel, and for good cause shown, the court hereby **GRANTS** the motion.

18

19                          **BACKGROUND**

20      Plaintiffs, a collection of non-profit conservation groups, filed suit against defendants City and

21   County of San Francisco and its officials for violation of the Endangered Species Act (ESA), 16 U.S.C.

22   §§ 1531-1544.  Plaintiffs allege that defendants' operations and activities at Sharp Park Golf Course

23   (Sharp Park) have caused the taking of the threatened Californian red-legged frog and the endangered

24   San Francisco garter snake, and that therefore, defendants should have obtained an Incidental Take

25   Permit (ITP) pursuant to Section 10 of the ESA,16 U.S.C. § 1539(a)(1)(B).   Complaint at ¶ 1.

26   Specifically, plaintiffs contend that defendants' water management at Sharp Park has exposed frog egg

27   masses to the air, causing fatal desiccation reducing the frog population, and that other activities such

28   as lawn mowing harmed the snake. Id. at ¶¶ 54-62. Along with other relief, plaintiffs seek a declaration

that defendants are violating the ESA by illegally taking the California red-legged frog and the San

**United States District Court**
For the Northern District of California

1  Francisco garter snake without an ITP, and an injunction against defendants from engaging in operations

2  and activities that cause take of the frog and snake at Sharp Park unless and until defendants obtain an

3  ITP. Id. at 16.

4  SFPGA is a non-profit public benefit corporation that promotes, supports, and advocates for

5  public golf and golf courses in the San Francisco area. Declaration of R. Harris at ¶¶ 4-5; Declaration

6  of R. Links at ¶ 5. SFPGA membership currently numbers over 4,500, and many SFPGA members play

7  regularly at Sharp Park. Harris Decl. at ¶ 5. SFPGA seeks full party status for both the liability and

8  remedy phases of this action. It seeks intervention as a matter of right under Federal Rule of Civil

9  Procedure 24(a) or, alternatively, permissive intervention under Rule 24(b). SFPGA Motion to

10  Intervene at 3. Plaintiffs have objected to SFPGA's participation in any stage other than the remedy

11  stage and have requested certain discovery limitations. Opposition to SFPGA Mot. Inter. at 2.

12  Defendants have filed a notice of non-opposition to SFPGA's motion.

13

14  **STANDARD OF REVIEW**

15  Rule 24(a)(2) permits intervention by right if the intervening party can "claim an interest relating

16  to the property or transaction that is the subject of the action, and is so situated that disposing of the

17  action may as a practical matter impair or impede the movant's ability to protect its interest, unless

18  existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). The Ninth Circuit has

19  further provided a four-part test for analyzing Rule 24(a)(2) motions to intervene:

20  (1)  the motion must be timely;
    (2)  the applicant must claim a "significantly protectable" interest relating to the
21       property or transaction which is the subject of the action;
    (3)  the applicant must be so situated that the disposition of the action may as a
22       practical matter impair or impede its ability to protect that interest; and
    (4)  the applicant's interest must be inadequately represented by the parties to the
23       action.

24  Wilderness Soc'y et al. v. United States Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc)

25  (citing Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993)). In line with a liberal policy of

26  construing Rule 24(a)(2) broadly in favor of movants, the Ninth Circuit "rejected the notion that Rule

27  24(a)(2) requires a specific legal or equitable interest." County of Fresno v. Andrus, 622 F.2d 436, 438

28  (9th Cir. 1980); United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002). The "interest"

prong is "'primarily a practical guide to disposing of lawsuits by involving as many apparently

concerned persons as is compatible with efficiency and due process.'" County of Fresno, 622 F.2d at

438 (quoting Nuesse v. Camp, 385 F.2d 698, 700 (D.C. Cir. 1967)).  Additionally, "a prospective

intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of

its interests as a result of the pending litigation.'"  Wilderness Soc'y, 630 F.3d at 1179 (quoting

California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006)).

**DISCUSSION**

SFPGA's May 19, 2011 motion is timely.  Defendants filed their initial answer to plaintiffs'

complaint on April 7, 2011, the case was reassigned to this Court on April 8, 2011, and the initial case

management conference is scheduled for June 24, 2011.  Thus, SFPGA's intervention motion comes at

an early stage in the litigation.  Plaintiffs make no objection regarding timeliness in their opposition to

SFPGA's motion.

SFPGA claims a significant and protectable interest relating to Sharp Park, specifically an

interest in the continued use of the park as a public golf course by its members.  Plaintiffs seek an

injunction that would halt activities at Sharp Park that are related to its on-going use as a golf course,

including alleged draining of winter rainwaters that periodically flood the course. Compl. at 16.  Should

plaintiffs prevail or come to an agreement with defendants regarding management operations of Sharp

Park, SFPGA's ability to protect its interest in its members' use of the golf course may potentially be

impaired or impeded. See Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983) (holding

that intervening environmental conservation group possessed protectable interest in preservation of birds

and their habitats, which might have been impaired by adverse decision in suit by land-use advocacy

group against government defendants). See also Coalition For a Sustainable Delta v. Carlson, 2008 U.S.

Dist. LEXIS 65420 (E.D. Cal. July 23, 2008) (granting intervention by right to recreational fishing

groups, on behalf of government defendants accused of causing unlawful take of ESA "listed" fish).

Moreover, the existing defendants do not adequately represent SFPGA's interest.  When making

such a determination, courts must consider:

> (1)  whether the interest of the present party is such that it will undoubtedly make all
> the intervenor's arguments;

3

**United States District Court**
For the Northern District of California

1        (2)     whether the present party is capable and willing to make such arguments; and

(3)     whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810 (9th Cir. 2001).  Defendants and SFPGA may share interests in general maintenance and preservation of Sharp Park, but defendants do not share SFPGA members' personal interest in maintaining Sharp Park specifically for use as a golf course. Moreover, plaintiffs are comprised of interest groups with which many of defendants' constituents may identify.  Consequently, defendants may not necessarily be willing to make the same arguments as SFPGA would.  This is true at the liability phase as well as the remedies stage, and SFPGA may be foreclosed from bringing certain such arguments if it is not permitted to intervene until the liability stage.

Accordingly, this Court finds that SFPGA has fulfilled the requirements for intervention by right at the liability stage as well as the remedy stage under Rule 24(a)(2).

Plaintiffs have requested that, should SFPGA be allowed to intervene, this Court limit SFPGA to making "joint filings with the existing Defendants whenever possible, and in any event avoid duplicative presentations."  See SFPGA Mot. Inter. at 12.  SFPGA should consolidate its filings with existing Defendants where possible and avoid duplication.  However, SFPGA is permitted to file independently to protect its unique interests in this case.

Plaintiffs have also requested that SFPGA be considered one party with the defendants for the purposes of discovery limitations.  The request is denied as unwarranted at this juncture, but without prejudice to reconsideration should discovery become unduly burdensome.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** SFPGA's motion to intervene.  (Doc. 19).

**IT IS SO ORDERED.**

Dated: June 24, 2011

_____
SUSAN ILLSTON
United States District Judge

4